IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CODE 10 TECHNOLOGIES, LLC,

    Plaintiff,

v.

BRAD SIMMONS, et al.,

    Defendants.

Case No. 3:15-cv-55

JUDGE WALTER H. RICE

TEMPORARY RESTRAINING ORDER

Pending before the Court is the Motion for a Temporary Restraining Order ("TRO") filed by Plaintiff Code 10 Technologies, LLC ("Plaintiff" or "CODE 10"). Doc. #2. Plaintiff seeks an Order preventing Defendants Brad Simmons and Kevin Mason ("Defendants") from further perpetrating the irreparable harm that Plaintiff has alleged it suffers, as set forth in Plaintiff's First Amended Verified Complaint (Doc. #6).

Plaintiff came before the Court this 17th day of February, 2015, seeking this Order under Rule 65(b) of the Federal Rules of Civil Procedure. In accordance with Rule 65(b)(1)(A), Plaintiff has filed a First Amended Verified Complaint that clearly shows immediate and irreparable injury, based on the allegations the Defendants have 1) retained computers and equipment that belong to Plaintiffs, including computers containing trade secrets; and 2) violated their non-compete agreements with Plaintiff by entering into customer relationships with Plaintiff's former clients.

In accordance with Rule 65(b)(1)(B), Plaintiff's attorney has certified in writing her efforts to give notice to Defendants. By affidavit, she attests that copies of the Complaint and the TRO were sent by Federal Express, and signed for by the Defendants, on February 12, 2015. Doc. #6-3 at 1. Furthermore, she has unsuccessfully attempted to contact Defendants by telephone, stating that Defendant Simmons' voicemail was full, and Defendant Mason did not return her message. Having considered the issue of bond, the Court has determined that Plaintiff should not have to post same at this time. The Court will, however, reconsider the issue of bond upon request by Defendants.

For the reasons set forth above, the Court finds that the requirements of Rule 65(b) have been satisfied, and that Plaintiff has sufficiently demonstrated that it will suffer an immediate threat of immediate and irreparable harm to its business and pecuniary interests if Defendants are not enjoined.[1] The Court, therefore, ORDERS as follows:

A. Defendants are ordered to abide by the non-compete and non-disclosure terms of the CODE 10 Confidentiality and Non-Competition Agreement. The Court immediately enjoins and restrains Defendants, and all persons acting in concert with them, from directly or indirectly using, disclosing copying or transmitting CODE 10's confidential or trade secret information for any purpose (including,

---

[1] The Court has also determined that Plaintiff is entitled to a TRO because it has demonstrated a substantial likelihood of success on the merits of its claims against Defendants, granting the motion for a TRO will not cause substantial harm to Defendants or others, and the public interest will be served by granting same.

2

without limitation, engaging in competition with CODE 10 or soliciting CODE 10's customers, vendors, consultants, or employees);

B. Defendants are prohibited from soliciting or doing business with any entity which was a customer of CODE 10 at any time during their employment with CODE 10;

C. Defendants, and all persons acting in concert with them, must return to CODE 10 within twenty-four (24) hours of the Court's Order all originals, copies, or other reproductions in any form whatsoever, of any record or document containing, in whole or in part, any confidential information belonging to CODE 10;

D. Defendants, and all persons acting in concert with them, must return to CODE 10 within twenty-four (24) hours of the Court's Order all property of CODE 10 in their possession, custody or control; and

E. Defendants must preserve, not tamper with or modify in any way, the hard drive(s) of any computer in their possession that contains any information, record or document containing, in whole or in part, any confidential information belonging to CODE 10, and produce such hard drive(s) to CODE 10 within twenty-four (24) hours of the Court's Order. To the extent that Defendants have copied any confidential information belonging to CODE 10 to the hard drive of their personal computers, Defendants are ordered to provide a forensic copy of same to CODE 10 within seven days of the Court's Order.[2]

---

[2] The language of Plaintiff's proposed Order would have required Defendants to turn over their personal computers and any computers they have used within the last year. The Court believes this request is overbroad, and has modified the

3

This order is issued without notice because the efforts of Plaintiff and the Court to give notice to Defendants have been unsuccessful.

This ORDER is issued this 17th day of February, 2015, at 2:30 p.m., and EXPIRES in FOURTEEN (14) days.

IT IS SO ORDERED.

Date: February 17, 2015

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

language accordingly, so that it applies to any computer containing information relevant to Plaintiff's claims.